UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-05068-MCS-MAA | Date August 25, 2023 |
| Title *Walker v. Moser* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE

Plaintiff brings this action for violation of the Americans with Disabilities Act ("ADA"). The Court questions its jurisdiction based upon Plaintiff's insufficient allegations with respect to constitutional standing. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte).

To support Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The injury in fact must be "both concrete *and* particularized." *Id.* at 334 (internal quotation marks omitted). "[U]nder Article III, an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).

To satisfy Article III standing requirements, an ADA plaintiff must provide "a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939,

949 (9th Cir. 2011). "[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id.* at 950. "An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Id.* at 953. "[W]hile past actions may constitute 'evidence bearing on whether there is a real and immediate threat of repeated injury,' they are not necessarily dispositive evidence." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (citation omitted).

Plaintiff has not plausibly alleged an actual or imminent injury that would provide standing to seek injunctive relief under the ADA. Plaintiff offers only a threadbare allegation that "Plaintiff wishes to return and patronize the Business; however, Plaintiff is deterred from visiting the Business because his knowledge of these violations prevents him from returning until the barriers are removed." (Compl. ¶ 14, ECF No. 1.)

This boilerplate allegation does not suffice. Nothing in the record establishes the proximity of Plaintiff's residence to the business, the regularity of Plaintiff's visits to that area, or an explanation of why Plaintiff prefers this accommodation over other comparable locations. *Cf. D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (discussing cases where plaintiffs established standing). Plaintiff has not pleaded facts substantiating an intent to return to Defendant's business establishment, let alone the area in its vicinity. *See, e.g.*, *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015) ("A plaintiff's 'profession of an "inten[t]" to return to the places [he] had visited before' is not sufficient to establish standing because '[s]uch "some day" intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.'" (alteration in original) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992))); *Chapman v. Pismo Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman also failed to demonstrate an intent to return to the store. Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague

desire to return to the store."); *Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming dismissal of ADA action for lack of standing based on plaintiff's failure to adequately demonstrate intent to return).

The Court orders Plaintiff to show cause why the ADA claim should not be dismissed without prejudice for lack of standing. Plaintiff shall respond in writing within 14 days. Failure to file a timely and satisfactory response will be construed as a concession that Plaintiff lacks standing to pursue the ADA claim and will result in dismissal without further notice.

**IT IS SO ORDERED.**